IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**BASAVARAJ A. HOOLI,**

    **Plaintiff,**

vs.                                        Case No. 4:12cv95-RH/CAS

**ROOSEVELT GENERAL HOSPITAL,**

    **Defendant.**

_____ /


## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case by filing a civil rights complaint on February 23, 2012. Doc. 1. Plaintiff was directed to file an amended complaint, and advised that he should not use a civil rights complaint form because this case does not allege violations of federal law or the Constitution. Doc. 4. Plaintiff has now filed an amended complaint. Doc. 5.

Plaintiff contends that after Roosevelt General Hospital (Hospital), which is located in New Mexico, contacted him by letter about recruiting skilled health care workers for health care organizations, Plaintiff went to India to recruit nurses. Doc. 5, p. 2. Plaintiff asserts that he contacted the hospital, but his calls were not returned.

Plaintiff asserts that after he went to the hospital's corporate office in Texas, he was told the hospital did not need any nurses. *Id.* Plaintiff acknowledges that he never had a signed contract with any organization, but contends he spent fifteen months seeking to recruit nurses and that the letter[1] he received from the Hospital was fraud. *Id.* Plaintiff seeks monetary damages of $40,000 for each nurse recruited. *Id.*

The amended complaint fails to allege a viable claim for breach of contract because Plaintiff had no legally binding contract with the Hospital. To plead a claim for breach of contract "under Florida law, a plaintiff must assert the existence of a contract, a breach of such contract, and damages resulting from such breach." Bray & Gillespie Management LLC v. Lexington Ins. Co., 527 F.Supp.2d 1355, 1365 (M.D. Fla. 2007). Plaintiff admits he did not have a contract.

Plaintiff has claimed that the letter he received was fraud. However, Plaintiff fails to assert a clear basis for the fraud claim. To state a claim for fraud, fraudulent misrepresentation, fraudulent inducement or fraudulent concealment, a complaint must allege four elements: "(1) false statement of material fact or suppression of truth by the defendant; (2) the defendant knew or should have known the statement was false, or made the statement without knowledge as to truth or falsity; (3) the defendant intended the false statement or omission induce the plaintiff's reliance; and (4) the plaintiff justifiably relied to his detriment." Grills v. Philip Morris USA, Inc., 645 F.Supp.2d 1107, 1122-1123 (M.D.Fla. 2009). Plaintiff fails to identify any false statements which could constitute fraud.

---

[1] A copy of the letter is attached to the amended complaint. Doc. 5, p. 3. Another letter is attached from David Lazarus, p. 4, but that person is not a named Defendant.

Additionally, the amended complaint fails to plead the fraud claim with specificity as required by Rule 9(b)[2] of the Federal Rules of Civil Procedure.  A defendant will not be required to guess at the basis for a claim of fraud, and Plaintiff's amended complaint presents only a general conclusory allegation of fraud.  Under Rule 9(b)'s particularity requirement, a complaint "must set forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."  Rogers v. Nacchio, 241 Fed.Appx. 602, 608 (11th Cir. 2007) (per curiam) (quoting Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)), *quoted in* Grills, 645 F.Supp.2d at 1121.  "Failure to meet Rule 9(b)'s standards results in dismissal of the complaint."  Grills, *supra*.  The amended complaint fails to allege the claim for fraud with particularity and, therefore, should be dismissed.

Finally, leave to amend and provide a second amended complaint should not be granted because it does not appear that Plaintiff can establish meaningful contact with Florida by the Defendant such that due process is satisfied.  "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72, 105 S.Ct. 2174, 2181-82, 85 L.Ed.2d 528 (1985).  In this case, where the Defendant is a Hospital operating in the State of

---

[2] The rule provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

New Mexico, it has not been shown nor alleged that the Defendant's activities "show a general course of business activity in the state for pecuniary benefit." Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino, 447 F.3d 1357, 1361 (11th Cir. 2006). It is unlikely that such a showing can be made, particularly in light of the fact that Plaintiff never signed a contract with the Defendant. "In addition to satisfying the Florida long-arm statute, a federal court sitting in diversity must insure that jurisdiction comports with the due process requirements of the Fourteenth Amendment." Meier v. Sun Intern. Hotels, Ltd. 288 F.3d 1264, 1274 (11th Cir. 2002). The amended complaint fails to provide a basis for jurisdiction over the non-resident Defendant.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 5, be **DISMISSED** for failure to state a claim upon which relief may be granted, failure to state a claim for fraud with particularity pursuant to FED. R. CIV. P. 9(b), and lack of personal jurisdiction over the named Defendant.

**IN CHAMBERS** at Tallahassee, Florida, on April 3, 2012.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:12cv95-RH/CAS